FLORENCE DOOLE *vs.* SIDNEY DANE.

Essex. November 4, 1909. — November 22, 1909.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability.   *Evidence,* Presumptions and burden of proof.

Where, at the trial of an action by a girl fourteen years of age, when injured, against her employer, the proprietor of a laundry, for injuries received while testing the heat of a roller of a mangle, the plaintiff testifies in direct examination that she had been told two or three times to test the heat of the roller and that she thought it was her duty to test it on the occasion of her injury, and on cross-examination testifies that she voluntarily took it upon herself to test the heat of the roller in the absence of a fellow employee who ordinarily performed that duty, the jury are warranted in finding that it was, or that she reasonably might have thought that it was, a part of her duty to perform such act in the absence of her fellow employee.

At the trial of an action by a girl fourteen years of age, when injured, against her employer, the proprietor of a laundry, for injuries received by reason of her hand being drawn between the revolving rollers of a mangle used for ironing collars as she was testing the heat of the middle roller by touching it with her finger, it appeared that the plaintiff understood the construction and operation of the mangle, the dangers incident to touching the middle roller to see how hot it was, and how she should touch it for that purpose, except that she had not been told that, since the middle roller revolved toward her between an upper and lower roller which revolved in the opposite direction, she should in touching the middle roller, while it was revolving and separated from the other two, touch the upper part of it. It also appeared that at the time of her injury the rollers were not pressed together, which fact the plaintiff knew, and that she realized that the danger to test its heat under such circumstances was that her hand might be drawn in between the rollers, and therefore that she must touch the roller quickly. It did not appear that the rollers were revolving at so high a rate of speed that they could not be seen or that the way they were revolving was not obvious. *Held,* that it was apparent that the plaintiff understood the danger of what she was doing, and that the defendant was not negligent in not warning her.

TORT to recover for personal injuries received by the plaintiff, while in the employ of the defendant in his laundry, by reason of her hand being drawn between the lower and middle of three rollers of a mangle, used for ironing collars, as she was testing the heat of the middle roller with her finger. Writ in the Superior Court dated June 10, 1903.

The case was tried before *Sanderson,* J. It appeared that only the middle roller of the mangle was heated; that, when not

being used for ironing, the upper and lower rollers were separated from the middle roller, but that they were pressed against it when a collar was ironed. That part of the surface of the middle roller which was in contact with the upper and lower rollers moved, as the rollers revolved, in the same direction as the surfaces of rollers which it touched, and consequently the whole middle roller revolved in a direction opposite to that of the other two. At the time when the plaintiff was injured, the middle roller was separated from the lower roller. Other facts are stated in the opinion.

At the close of the plaintiff's evidence, the presiding judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*P. A. Kiely,* for the plaintiff.

*W. H. Hitchcock,* for the defendant, was not called upon.

LORING, J. The plaintiff testified that the White girl had told her two or three times to try the heat while she (the White girl) was present, and see if it was hot enough; and that she thought it her duty on the morning in question to try the heat in the other girl's absence. In spite of her testimony to the contrary on cross-examination (that she voluntarily took it upon herself to test the roller in the absence of the other girl) we think that the jury would have been warranted in finding that it was, or that she reasonably might have thought that it was, part of her duty to test the machine in the absence of the White girl. See *Slattery* v. *New York, New Haven, & Hartford Railroad, ante,* 453.

It was apparent from her examination that she understood the construction and operation of the machine, the dangers incident to touching the middle roller to see how hot it was, and how it should be touched, with one possible exception. The other girl was called as a witness by the plaintiff after the plaintiff had left the stand. She testified that the top of the middle roller, as that roller revolved, went toward the plaintiff, and for that reason the place to touch the roller to see if it was hot enough was as near the top as possible; and the jury were warranted in finding that this had not been told to the plaintiff. But as we have said, it was apparent that the plaintiff understood the machine. She herself testified that the place was a

place where you could see what you were doing; she knew that the pressure had not been put on and that the rollers were some way apart and that the danger consisted in this, namely, that your hand might be drawn in and therefore that you must touch the roller quickly. There is no suggestion that these rollers were revolving at a high rate of speed and that for that reason the way in which they were revolving could not be seen and was not obvious.

Taking the plaintiff's testimony as a whole, it is apparent that although she was but fourteen years of age she had sufficient intelligence to understand and did understand the machine and its dangers. There was therefore no evidence of negligence on the part of the defendant in not giving her warning as to its dangers. The case comes within cases like *Burke* v. *Davis*, 191 Mass. 20.

*Exceptions overruled.*